UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT E JOHNSON,

        Plaintiff,

   v.

SARA DI VITTORIO et al.,

        Defendants.

CASE NO. C12-6018 RJB-JRC

ORDER DIRECTING SERVICE OF CIVIL RIGHTS COMPLAINT

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed with this action in forma pauperis. The Court, having reviewed Plaintiff's amended complaint, (ECF No. 14), does hereby **ORDER** as follows:

    (l)    <u>Service by Clerk</u>

The Clerk is directed to send the following to the named defendants by first class mail: a copy of plaintiff's amended civil rights complaint, a copy of this Order, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of Service of Summons, and a return envelope, postage prepaid, addressed to the Clerk's Office.

1     (2)    <u>Response Required</u>

2   Defendants shall have **thirty (30) days** within which to return the enclosed waiver of

3 service of summons.  A defendant who timely returns a signed waiver shall have **sixty (60) days**

4 after the date designated on the notice of lawsuit to file and serve an answer to the amended

5 complaint or a motion permitted under Fed. R. Civ. P. 12.

6   A defendant who fails to timely return a signed waiver will be personally served with a

7 summons and complaint, and may be required to pay the full costs of such service, pursuant to

8 Fed. R/ Civ. P. 4(d)(2).  A defendant who has been personally served shall file an answer or

9 motion permitted under Fed. R. Civ. P. 12 within **thirty (30) days** after service.

10     (3)    <u>Filing and Service by Parties, Generally</u>

11   All attorneys admitted to practice before this court are required to file documents

12 electronically via the court's CM/ECF system.  Counsel is directed to the Court's website,

13 www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF.

14 All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original

15 with the Clerk.  All filings, whether filed electronically or in traditional paper format, must

16 indicate in the upper right hand corner the name of the Magistrate Judge to whom the document

17 is directed.

18   For any party filing electronically, when the total of all pages of a filing exceeds fifty

19 (50) pages in length, a paper copy of the document (with tabs or other organizing aids as

20 necessary) shall be delivered to the Clerk's Office for chambers.  The chambers copy must be

21 clearly marked with the works "Courtesy Copy of Electronic Filing for Chambers."

22   Finally, any document filed with the court must be accompanied by proof that it has been

23 served upon all parties that have entered a notice of appearance in the underlying matter.

24

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT - 2

(4) <u>Motions</u>

Regarding the filing of motions before the court, the parties are directed to review Local Rule CR 7 in its entirety. A few important points are highlighted below:

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to amended Local Rule CR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. **The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the court's motion calendar.**

In all instances where one of the parties to a lawsuit is incarcerated, **all** categories of non-dispositive motions not listed in Local Rule CR 7(d)(1) must be noted for the third Friday after the date of filing and service. This applies to all non-dispositive motions, even those which are normally (if none of the parties are incarcerated) permitted to be noted for the second Friday after filing. *See* Local Rule CR 7(d)(2).

All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

(5) <u>Motions for Summary Judgment</u>

If one of the parties files a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the opposing party should acquaint him/herself with Fed. R. Civ. P. 56. Fed. R. Civ. P. 56 requires a nonmoving party to submit affidavits or other evidence in opposition to a motion for summary judgment if the moving party has shown the absence of issues of material fact and an entitlement to judgment as a matter of law. A nonmoving party may not rest upon the mere allegations or denials of prior pleadings. Rather, successful opposition to a motion for summary judgment requires the nonmoving party to set forth, through affidavits or other evidence, specific

facts showing a genuine issue for trial. Failure by the nonmoving party to oppose a summary judgment motion or to present counter evidence could result in the court accepting the moving party's evidence as the truth, and entering final judgment in favor of the moving party without a full trial. *Rand v. Rowland*, 113 F.3d 1520 (9th Cir. 1997).

(6) <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

(7) <u>Clerk's Action</u>

The Clerk is directed to send copies of this Order and of the General Order issued by the Magistrate Judges to Plaintiff.

Dated this 28th day of January, 2013.

J. Richard Creatura
United States Magistrate Judge

RIGHTS COMPLAINT - 4