UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT E JOHNSON,<br><br>        Plaintiff,<br><br>   v.<br><br>SARA DI VITTORIO et al.<br><br>        Defendants. | CASE NO. C12-6018 RJB-JRC<br><br>ORDER CONVERTING DEFENDANTS' MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT. |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

Defendants have filed a motion to dismiss both for lack of subject matter jurisdiction and for failure to state a claim (ECF No. 20). Plaintiff has responded and placed before the Court a number of exhibits (ECF No. 25 and 26). The Court will consider plaintiff's exhibits; therefore, the Court convert defendants' motion to dismiss to a motion for summary judgment.

When the Court considers a motion to dismiss for lack of subject matter jurisdiction, the Court may look outside the pleadings without converting the motion to a motion for summary

ORDER CONVERTING DEFENDANTS' MOTION
TO DISMISS TO A MOTION FOR SUMMARY
JUDGMENT. - 1

judgment. *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1998). However, when the Court considers a motion to dismiss for failure to state a claim, the Court may not look outside the pleadings without converting the motion to a motion for summary judgment and giving the parties the opportunity to submit additional briefing. *Garaux v. Pulley*, 739 F.2d 437, 438 (9th Cir. 1984).

The Court is required either to refuse to consider the exhibits, or to convert the motion to dismiss into a motion for summary judgment. *Id*. The Court will consider plaintiff's exhibits (ECF No. 26). Therefore, the Court converts defendant's motion to dismiss to a motion for summary judgment. The parties must be given notice and an opportunity to amend or supplement the filings. *Garaux v. Pulley*, 739 F.2d 437, 438 (9th Cir. 1984).

Defendants' optional additional briefing will be due on or before August 9, 2013. Plaintiff's optional responsive briefing will be due on or before August 30, 2013. Defendants' dispositive motion, (ECF No. 20), is re-noted on the Court's own motion for September 13, 2013.

<u>Warnings regarding dispositive motions</u>

The Court again warns plaintiff that Fed. R. Civ. P. 56 requires a nonmoving party to submit affidavits or other evidence in opposition to a motion for summary judgment if the moving party has shown the absence of issues of material fact and an entitlement to judgment as a matter of law. A nonmoving party may not rest upon the mere allegations or denials in prior pleadings. Rather, successful opposition to a motion for summary judgment requires the nonmoving party to set forth, through affidavits or other evidence, specific facts showing a genuine issue for trial. Failure by the nonmoving party to oppose a summary judgment motion or to present counter evidence could result in the Court accepting the moving party's evidence as

ORDER CONVERTING DEFENDANTS' MOTION
TO DISMISS TO A MOTION FOR SUMMARY
JUDGMENT. - 2

1  the truth, and entering final judgment in favor of the moving party without a full trial. *Rand v.*
2  *Rowland*, 113 F.3d 1520 (9th Cir. 1997).

   Dated this 10th day of July, 2013.

   _____
   J. Richard Creatura
   United States Magistrate Judge